IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                    No. CR 10-695 BB

VANESSA ANN MARIE MAESTAS
and BEVERLY ENRIQUEZ,

      Defendants.

MEMORANDUM OPINION
IN SUPPORT OF DENIAL OF SEVERANCE

**THIS MATTER** is before the Court on the motion of Defendant Maestas to sever her trial from that of Defendant Enriquez [doc. 36]. Defendant Enriquez joins the Motion [doc. 43]. Having reviewed all submissions of counsel, the Court will Deny the Motion.

*Facts*

On December 21, 2009, Defendant Maestas was the driver of a 2000 Ford that entered the United States at the Columbus, New Mexico, Port of Entry, and which, after a search, proved to contain 97 gross kilograms of marijuana concealed in the vehicle's gas tank. Defendant Enriquez and her minor daughter were the vehicle's only passengers. Ms. Maestas and Ms. Enriquez are charged with conspiracy to possess with intent to distribute 50 kilograms and more of marijuana, possession with intent to

distribute 50 kilograms and more of marijuana, conspiracy to import marijuana, and importing marijuana, and their cases are currently joined for trial.

## *Discussion*

**FEDERAL RULE OF CRIMINAL PROCEDURE 8(b)** provides that Defendants may be joined in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Tenth Circuit has acknowledged a presumption in a conspiracy trial that coconspirators charged together preferably should be tried together. *United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005). However, Defendants have argued that since Defendant Enriquez was on probation for a felony possession of cocaine charge at the time of the present arrest, this will prejudice Defendant Maestas. Moreover, they argue that while title to the vehicle was in the name of Ms. Maestas, it had recently belonged to Ms. Enriquez who had made additional trips to El Paso without Ms. Maestas.

Why these facts support inconsistent defenses is not clear to the Court. Evidence that different defendants had different roles or more culpability in a conspiracy does not require severance. *United States v. Jones*, 913 F.2d 1552, 1562 (11th Cir. 1990). Defense counsel can certainly examine the witnesses to show their clients lack of involvement in any prior transactions and the Court will instruct the jury that the guilt

or innocence of each Defendant must be considered as to each count.  *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009).  No prejudice should result.

_____
**BRUCE D. BLACK**
**United States District Judge**